UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

*Electronically Filed*

| | | |
|---|---|---|
| JULIE C. KING | **)** | |
| | **)** | |
| PLAINTIFF | **)** | |
| | **)** | |
| v. | **)** | CIVIL ACTION NO. 3:24-cv-737-RGJ-RSE |
| | **)** | |
| NORTHWESTERN MUTUAL LIFE | **)** | |
| INSURANCE COMPANY | **)** | |
| | **)** | |
| DEFENDANT | **)** | |

## MOTION TO BIFURCATE AND HOLD NON-CONTRACT CLAIMS IN ABEYANCE

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), hereby moves the Court to enter the attached order bifurcating Plaintiff's breach of insurance contract claim from her claims for statutory bad faith under the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230, et seq.; common law bad faith; and for punitive damages. Further, Northwestern Mutual requests the Court stay discovery on Plaintiff's bad faith claims pending resolution of Plaintiff's breach of contract claim and Northwestern Mutual's Counterclaim for rescission.

## BACKGROUND

On November 15, 2024, Plaintiff filed her Complaint against Northwestern Mutual in the Commonwealth of Kentucky, Jefferson Circuit Court.[1]  The Complaint alleges that Northwestern Mutual issued a disability insurance  policy to the Plaintiff and then denied benefits allegedly

---

[1] Northwestern Mutual filed its Notice of Removal of the action to the United States District Court for the Western District of Kentucky on December 20, 2024.

payable under that policy.  The Complaint seeks recovery based on three causes of action: (1) breach of contract; (2) statutory bad faith (violation of KRS 304.12-230 and KRS 304.12-235); and (3) breach of the covenant of good faith and fair dealing.  Northwestern Mutual respectfully moves the Court pursuant to Fed.R.Civ.P. 42(b) to bifurcate Plaintiff's breach of insurance contract claim and Northwestern Mutual's rescission counterclaim from the remaining non-contract claims and to hold discovery on the non-contract claims in abeyance until the contract claim is resolved. If no liability is found on Plaintiff's breach of contract claim, Plaintiff's other claims should be dismissed, with prejudice.

**ARGUMENT**

### I.      **BIFURCATION IS PROPER**

The Federal Rules of Civil Procedure expressly authorizes bifurcation of claims under the appropriate circumstances.

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

Fed.R.Civ.P. 42(b).  Thus, there are three grounds upon which the Court may order separate trials of separate issues: (1) expedition and economy; (2) avoidance of prejudice; and (3) convenience. All three of these factors support bifurcation of Plaintiff's contract claim and Northwestern Mutual's rescission counterclaim from the remaining claims made in the Complaint.

### A.      **Bifurcation of the Instant Action will Promote Efficiency and Economy.**

Bifurcation of Plaintiff's breach of contract claim and Northwestern Mutual's rescission counterclaim from Plaintiff's non-contract claims will promote judicial efficiency and economy. The contract claims will involve contract interpretation, proof regarding Plaintiff's preexisting medical conditions, and the impact of those conditions on Northwestern Mutual's underwriting of

2

Plaintiff's policy had those conditions been disclosed.  The remaining claims, on the other hand, will involve proof of alleged intentional wrongdoing or other tortious conduct on the part of Northwestern Mutual in connection with its denial of Plaintiff's claim for benefits.  *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) ("[a]bsent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute"); *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993) ("whether [a] dispute is merely contractual or whether there are tortious elements justifying an award of punitive damages depends first on whether there is proof of bad faith….").  Because a finding that Northwestern Mutual breached its insurance contract by refusing to pay benefits to the Plaintiff is a prerequisite to finding for Plaintiff on her non-contract claims, bifurcation is appropriate.

Federal courts in Kentucky have repeatedly recognized that bifurcating bad faith claims from an underlying insurance contract dispute promotes efficient judicial administration.  *See Forcht Bank, N.A. v. Bank Insurer, Inc.*, 2010 WL 5673870 *1 (E.D. Ky. 2010) (bifurcating plaintiff's claims "for bad faith, breach of the duty of good faith and fair dealing, and violation of Kentucky's Insurance Code" from the underlying coverage claim); *Galloway v. Nationwide Mut. Fire Ins. Co.*, 2010 WL 3927815 *1 (W.D. Ky. 2010) ("adjudication of the threshold coverage dispute would … streamline adjudication"); *2H&V Construction Services, LLC v. Sergent Sys., Inc.*, 2009 WL 4571733 *1 (E.D. Ky. 2009) (granting motion to bifurcate because "the issues of negligence and breach of contract must be resolved before any bad faith claims … may proceed"); *Bruckner v. Sentinel Ins. Co., Ltd.*, 2011 WL 589911*2 (E.D. Ky., Feb. 10, 2011 ("bifurcation will best serve the interests of judicial economy because litigation of the underlying claim for coverage might eliminate the need to litigate the bad faith claim.").  Therefore, bifurcation is the most efficient and economic manner for this case to proceed.

**B.      Bifurcation Will Avoid Unfair Prejudice.**

Under Rule 42(b), bifurcation is appropriate to "prevent prejudice." *Nationwide Mut. Fire Ins. Co. v. Jahic*, 2013 WL 98059 *3 (W.D. Ky. Jan. 7, 2013).  Here, Northwestern Mutual will be prejudiced if Plaintiff is allowed to introduce evidence of alleged violations of Kentucky's USCPA at the trial when the jury is initially being called upon to determine if benefits should be paid under the insurance policy at issue.  Bifurcation would "permit the jury to focus on a single issue at a time and therefore avoid the introduction of confusing and perhaps privileged evidence until absolutely necessary." *Brantley v. Safeco Ins. Co. of Am.*, 2011 WL 6012554 *2 (W.D. Ky. Dec. 1, 2011).

By the express terms of Rule 42(b), avoiding prejudice is a legitimate consideration to determine whether to bifurcate the causes of action.  Bifurcation is clearly appropriate when it protects Northwestern Mutual's rights by preventing the introduction of unnecessary and unfairly prejudicial evidence during adjudication of the underlying breach of contract claim.

**C.      Convenience Will be Promoted by Bifurcation.**

Convenience will be promoted by the bifurcation of these proceedings.  In addition to saving time, bifurcation of this action into separate issues of (1) contractual liability and (2) alleged violations of the UCSPA, would be particularly convenient for the jury, who would be able to focus on the particular issue being tried.  In addition, bifurcation would eliminate witnesses who would not have to testify in the event the contract issue is decided in favor of Northwestern Mutual.

**II.      DISCOVERY OF ALL NON-CONTRACT CLAIMS MUST BE HELD IN ABEYANCE.**

Bifurcating bad faith claims in discovery is the prevailing practice in federal courts applying Kentucky law. *Pollard v. Wood*, 2006 WL 782739 *4 (E.D. Ky., Mar. 27, 2006) (judicial economy will be furthered by staying discovery because a second trial and second set of discovery

4

will not be necessary if Plaintiff fails to succeed on liability"); *TIG Ins. Co. v. Hosp. Corp. of Am.*, 2014 WL 3118863 *8 (W.D. Ky., July 7, 2014) ("Numerous courts throughout Kentucky and beyond … have considered insurance contract claims and bad faith claims and consistently granted motions to bifurcate and stay discovery."); *Smith v. Allstate Ins. Co.*, 403 F.3d 401, 407 (6th Cir. 2005) (acknowledging the practice of staying discovery on a bad faith claim during the pendency of the underlying contract claim).

Here, the merits of the bad faith claims necessarily depend on the success of the underlying breach of contract claim. Discovery on the bad faith claims should be stayed pending the resolution of the underlying contract claim to avoid the production of documents, including potentially privileged materials, irrelevant to the contract action. Further, if Northwestern Mutual prevails on the breach of contract claim, there will be no basis for the Plaintiff to proceed with the remainder of the case. Thus, inquiry into the basis of the bad faith claims should be abated until the necessity for such discovery is certain in order to avoid prejudice to Northwestern Mutual. Of course, upon resolution of the breach of contract claim, the parties, if necessary, will be allowed to pursue discovery on the bad faith claims.

## CONCLUSION

For the foregoing reasons, Northwestern Mutual respectfully requests that this Court enter the attached proposed Order bifurcating Plaintiff's breach of contract claim and Northwestern Mutual's rescission counterclaim from Plaintiff's remaining non-contract claims, and temporarily hold discovery on the non-contract claims in abeyance until after the contract claims are resolved.

Respectfully submitted,

*/s/ Cornelius E. Coryell, II*
Cornelius E. Coryell, II
ccoryell@wyattfirm.com
Sean G. Williamson
swilliamson@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
502.589.5235

*Counsel for Defendant The Northwestern Mutual Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will transmit notice of electronic filing to counsel of record:

Michael D. Grabhorn
m.grabhorn@grabhornlaw.com
Andrew M. Grabhorn
a.grabhorn@grabhornlaw.com
GRABHORN LAW/INSURED RIGHTS
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223
(502) 244-9331

*Counsel for Plaintiff Julie C. King*

*/s/ Cornelius E. Coryell II*
*Counsel for Defendant The Northwestern Mutual Life Insurance Company*

101857538.1

6