**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **JULIA C. KING,**<br><br>　　**Plaintiff / Counterclaim**<br>　　**Defendant**<br><br>**v.**<br><br>**NORTHWESTERN MUTUAL LIFE**<br>**INSURANCE COMPANY,**<br><br>　　**Defendant / Counterclaim**<br>　　**Plaintiff** | **Civil Action No 3:24-cv-737-RGJ** |

**PLAINTIFF'S MOTION TO COMPEL**

This case concerns a long-term disability ("LTD") insurance policy issued to Plaintiff Julia C. King ("Ms. King"). The LTD policy was issued and underwritten by Defendant Northwestern Mutual Life Insurance Company ("NWML"). Following a head injury suffered while riding a motorcycle, Ms. King filed a claim with NWML for the policy disability benefits. NWML did *not* dispute Ms. King was disabled under the terms of the policy. Instead, NWML decided to contest her claim—performing a contestability review—and to seek rescission of the policy.

Ms. King filed suit to enforce her rights under the policy—asserting *inter alia* claims for breach of contract and for bad faith. The Court bifurcated Ms. King's contract claim from her extra-contractual claims.

Subsequently, the parties have engaged in discovery focused on Ms. King's contract claim—with both parties serving and responding to written requests. As the Court is aware, a discovery dispute arose concerning NWML's discovery responses.

On July 28, 2025, following both parties' efforts to resolve their discovery dispute, the Court entered an order directing Ms. King to file her motion to compel.[1]  In accordance with the Court's order and the civil rules, Ms. King submits this motion to compel NWML to:

- Produce *electronically* saved information ("ESI") data and/or documents in their *native format*;

- Amend its objections to comply with the Federal Rules, including stating whether responsive documents have been withheld in conformity with Fed.R.Civ.P. 34(b)(2)(C); and,

- Produce all documents responsive to Requests for Production Nos. 11, 15, 26-33, 35, 36-39 and 40.

In support of her motion to compel, Ms. King offers the following discussion.

### LOCAL RULE 37.1 CERTIFICATION

Local Rule 37.1 requires a party filing a discovery motion to provide "a certification that counsel have conferred and are unable to resolve their differences."  As the Court is aware, the parties have tried on multiple occasions to resolve this issue and been unable to do so. Therefore, based on the Court's order, undersigned counsel certifies that there has been a good faith effort to resolve the issues herein extrajudicially—albeit unsuccessfully.[2]

### DISCUSSION

Fed.R.Civ.P. 26 sets the scope and limit for discovery in civil cases and provides that, absent a Court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding ***any*** nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the

---

[1]  *See* Doc. 24. The Court also directed NMWL to simultaneously file any motion to compel should it choose to do so.

[2]  A copy of Ms. King's discovery requests and NWML's relevant responses are attached to this motion.  *See* **Exhibit A**: King RFP; **Exhibit B**: NWML Responses and Supplements.

discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery ***need not be admissible*** in evidence to be discoverable.[3]

Each of Ms. King's discovery requests discussed herein fall squarely within this broad scope and the Court should grant her motion to compel as to each issue.

## A.    Production of Electronically Stored Information ("ESI").

The first issue for the Court to resolve concerns ESI and document production in its native format.  Under Fed.R.Civ.P. 34(b), a party is permitted to request documents be produced in a certain manner—with that request being honored.

> (E) Producing the Documents or Electronically Stored Information. Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
>> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>>
>> (ii) ***If a request does not specify a form*** for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms…[4]
>
> \* \* \* \* \*
>
> With respect to production of electronically stored information, Fed. R. Civ. P. 34(b)(2)(E)(ii) provides "[i]f a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms." ***The rule contemplates that electronically stored information will be produced in its native electronic format. In this case, the request specifically requested that it be produced in such format, and the Court previously ordered that it be produced in that manner***. The

---

[3]    *See* Fed.R.Civ.P. 26(b) (emph. added).
[4]    *See* Fed.R.Civ.P. 34(b)(2)(E) (emph. added).

- 3 -

> Court accepts Plaintiff's argument that her need to access the metadata attendant to these emails is sufficient justification for the additional time and expense that Defendant may have to expend in order to produce the information in its native electronic format.[5]

Ms. King specifically sought ESI and identified the format in which she wanted the documents to be produced—with the instructions/definition in the requests as:

> ***The information sought herein includes Electronically Stored Information ("ESI")***. Before any production of ESI, Defendant should contact Plaintiff to discuss (1) key word search terms; and (2) the specific format of such production….

> ***While the specific format of production for ESI should be discussed and confirmed with Plaintiff prior to production, in general, ESI shall be produced in native format***. Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use the ESI. ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

> ***Email should be produced in PST format***. Emails should show the sending party, and ***include all*** addressees, subject lines, dates, times, attachments, metadata, and email strings.

> Before producing paper documents that have been imaged on CD ROM, Defendant should contact Plaintiff to discuss production guidelines.[6]

NWML does ***not*** dispute ESI (e.g., metadata, digital information) and the native format of the documents exist.  NWML instead contends there is no basis for producing ESI and production would be overly burdensome—despite ***not*** providing any details as to how it would

---

[5]    *Jordan v. Reliance Standard Life Ins. Co.*, 2017 U.S. Dist. LEXIS 237235, at *2-3 (E.D. Tenn. Jan. 10, 2017) (emph. added).

[6]    *See* Ex A, pp.4-5 (emph. added).

be overly burdensome.  NWML's objections are contrary to the Federal Rules.

> Moreover, blanket objections stating that a discovery request is "vague, overly broad, or unduly burdensome" are wholly conclusory and, *in the absence of further explanation, are not valid objections*. For this reason, Defendants' objections of overbreadth and undue burden are overruled.[7]

NWML has simply refused to provide any ESI or documents in their native format—instead reducing them to .pdf format.

As discussed during the parties telephonic confrence, it is impossible to know whether evidence (e.g., emails) have been altered without seeing them in native format.  Ms. King requested the documents be produced in a specific form, in compliance with Fed.R.Civ.P. 34, and as such NWML should be required to produce those documents in their native form and to produce any underlying ESI.

**B.    Failure to state whether responsive documents exist in compliance with 34(b).**

NWML objects at least in part to every single request Ms. King served.  However, despite its numerous boilerplate objections, NWML failed to state whether it was withholding documents based on each specific objection.  This is expressly prohibited by the Federal Rules.

> (C) Objections. An objection *must state* whether any responsive materials are *being withheld on the basis of that objection*. An objection to part of a request must specify the part and permit inspection of the rest.[8]

Despite Ms. King's multiple requests, NWML has refused to supplement its responses to comply with the Federal Rules.  While it may have cited some documents in its production, NWML has *not* stated whether additional documents are being withheld based on any of the objections.  Ms.

---

[7]    *Delta Air Lines, Inc. v. Influence Direct, LLC*, 2015 U.S. Dist. LEXIS 184371, at *4 (M.D. Tenn. June 19, 2015) (citing *Milinazzo v. State Farm Ins. Co.*, 247 FRD 691, 695 (S.D. Fla. 2007) (emph. added).

[8]    Fed.R.Civ.P. 34(b)(2)(C).

King is entitled to know this information under the Federal Rules and NWML should be instructed to provide a compliant response.[9]

## C.    Specific Requests for Production ("RFP") at issue.

The following provides the Court with: (i) each request for production Ms. King contends is deficient; (ii) NWML's current responses/objections—based on the most recent supplements; and (iii) Ms. King's statement in response to NWML's position, including legal authority where appropriate.[10]

> **RFP No. 11**: Each Document and ESI relating to, referring to, or discussing Defendant's agreement with, contract with, or subscription to, Milliman, including Irix® Rules Engine, lrix® Prescription Data, Irix® Medical Data, lrix® Recheck, Irix® Risk Score I Mortality, and lrix® Risk Score I Morbidity.
>
> ***NWML Response***:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM0010605 - NM00010655.[11]

This request seeks relevant information related to NWML's relationship with Milliman—

---

[9]    The use of boilerplate objections continues to plague the courts, despite the amendment to Rule 34(b) in 2015 to require objections be stated with specificity.  The fact that an objection is asserted implies there is a document being withheld on that basis. The amendment was intended to crystalize this implication.  Otherwise, if there are no responsive documents, there is no good faith basis for an objection.

[10]    Where possible, Ms. King has grouped her requests together.

[11]    *See* Ex B, p.32.

a company whose insurance industry products were utilized in this case. Milliman, as well as the products it offers, allows insurers to obtain certain information regarding an insured—whether potential or active—including their prescription data, medical history, criminal history, and other credit information.[12] The information sought in RFP No. 11 is directly relevant to NWML's decision to rescind Ms. King's policy—what did NWML know at the time it issued, and while it administered, the policy?

In response to RFP No. 11, NWML provided ***no specificity*** for its blanket objections. By way of example, NWML failed to provide any information related to how these requests are "not proportional to the needs of this case." NWML provided no discussion of the amount in controversy, its access to the relevant information, or the expense of producing the requested documents—all of which are necessary for the Court to rule on the objection. Further, NWML did *not* explain how the request was "vague." NWML's lack of specificity warrants the Court overruling its objections.

> Moreover, ***blanket objections*** stating that a discovery request is "vague, overly broad, or unduly burdensome" ***are wholly conclusory*** and, in the absence of further explanation, are ***not valid objections***. For this reason, Defendants' objections of overbreadth and undue burden are overruled.[13]
>
> * * * * *
>
> Whether discovery is proportional to the needs of the case depends on, among other things, "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the expense of the

---

[12]  *See e.g.* https://www.rxhistories.com/irix/prescription-data/
[13]  *Delta Air Lines, Inc. v. Influence Direct, LLC*, 2015 U.S. Dist. LEXIS 184371, at *4 (M.D. Tenn. June 19, 2015) (citing *Milinazzo v. State Farm Ins. Co.*, 247 FRD 691, 695 (S.D. Fla. 2007) (emph. added).

proposed discovery outweighs its likely benefit."[14]

The only documents NWML provided in response to RFP No. 11 are the pages from a Milliman report NWML *obtained in January 2024*. NWML has *not* provided its agreement with Milliman, its subscription (e.g. reports automatically obtained during underwriting or while the policy was in force—the Rx Recheck, or any other information concerning its relationship with Milliman and the products it offers (e.g., Irix).[15] Further, NWML provided nothing to confirm these were the *only r*esponsive documents in its possession or control. Finally, NWML cannot seriously contend that producing this information would somehow be overly burdensome or not proportional to the needs of this case. It is all electronic. Notably, other insurers regularly produce these same documents in discovery without issue.

Therefore, Ms. King requests the Court grant her motion to compel and order NWML to provide all responsive documents to RFP No. 11, as well as to overrule its objections.

> **RFP No. 15**: Each Document and ESI relating to, referring to, or discussing guidelines, manuals, and procedures for the review, use, interpretation, and translation of codes, of a MIB report.
>
> *NWML Response*: Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects on the grounds that the material requested herein is the confidential and proprietary property of a third-party and that Northwestern Mutual is contractually prohibited from

---

[14]  *Servicios Funerarios GG, S.A. de C.V. v. Advent Int'l Corp.*, 2023 U.S. Dist. LEXIS 199614, at *4 (D. Mass. Nov. 7, 2023) (citing Fed.R.Civ.P. 26(b)(1)).
[15]  *See* https://www.rxhistories.com/.

> producing the material. Specifically, the contract
> between Northwestern Mutual and MIB states…
> Therefore, the material will not be produced.[16]

This request is relevant as it seeks to determine how NWML obtains and utilizes MIB data—another company who regularly provides insurance companies with information about applicants (*e.g.,* prior and pending applications, medical conditions, etc.).[17, 18] As Ms. King previously advised the Court, MIB reports provide insurance companies with codes which in turn require a means to decipher and interpret the codes.  Absent this information, the MIB reports are unintelligible and largely useless.[19]

In its most recent supplemental response, NWML argued it is "contractually prohibited from producing the material." This is false. The language from NWML's contract that it cites does *not* support its position. The contractual language specifically allows for NWML to produce the information with "MIB's express written approval."[20]  This is routinely what occurs when seeking this type of information—the parties agree on a confidentiality agreement or protective order and the insurer then confirms the third-party (i.e., MIB) is agreeable to the documents being produced subject to the confidentiality terms.  NWML provided no evidence of any effort to obtain MIB's consent. Moreover, NMWL has never timely sought a protective order related to these documents.

Therefore, Ms. King requests the Court grant her motion to compel and order NWML to

---

[16]    *See* Ex B, pp.32-33.
[17]    https://www.mibgroup.com/
[18]    *Wiener v. AXA Equitable Life Ins. Co.*, 481 F.Supp.3d 551, 555 (W.D.N.C. 2020) ("When an MIB member completes the underwriting of an insurance application, it must report to the MIB information involving impairments listed in the MIB coding manual that it obtained during its underwriting of the individual's application. Any codes reported by an MIB member about an applicant are maintained in MIB's database and are available to other MIB members who obtain the applicant's authorization to use the MIB as an information source.").
[19]    *See* **Exhibit C**: King MIB.
[20]    *See* Ex B, p.33.

provide all responsive documents to RFP No. 15, as well as to overrule its objections.

**RFP No. 26**: Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the administration of disability insurance contestability reviews, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

*NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiffs bad faith claims, which have been stayed. Subject to and without waiving its general and specific objections, Northwestern Mutual states that the relevant documents within the scope of this request have been produced and Bates stamped NM00010576-NM00010603.[21]

**RFP No. 27**: Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the underwriting of disability insurance applications, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

*NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this

---

[21]    *See* Ex B, pp.33-34.

request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiffs bad faith claims, which have been stayed. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced and Bates stamped NM00000459-NM00000462 and NM00000479 - NM00000549.[22]

**RFP No. 28**: Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the post-issue administration and underwriting review of inforce disability insurance policies, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period..

*NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiffs bad faith claims, which have been stayed. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced and Bates stamped NM00000459 - NM00000462 and NM00000479-NM00000549.[23]

**RFP No. 29**: Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its

---

[22]  *See* Ex B, pp.34.
[23]  *See* Ex B, pp.35.

employees, contractors, representatives, and agents to follow in the post-issue administration and underwriting review of inforce disability insurance policies, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period..

> *NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiffs bad faith claims, which have been stayed. Subject to and without waiving its general and specific objections, Northwestern Mutual states that documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010657 - NM00010662.[24]

**RFP No. 30**: Each Document and ESI detailing or discussing the training Defendant provided to Ralph Barringer relating to the solicitation, sale, application, and delivery process for the Policy.

> *NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request to the extent that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced to the Plaintiff and Bates stamped

---

[24]   *See* Ex B, pp.29-30.

NM00010657 - NM00010662.[25]

> **RFP No. 31**: Each Document and ESI detailing or discussing the training Defendant provided to Tamara Kraus relating to the solicitation, sale, application, and delivery process for the Policy.
>
> > *NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request to the extent that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010657 - NM00010662.[26]

These requests are relevant as they address how NWML instructs and trains its personnel in the underwriting, solicitation (sales and taking of applications) of policies, post-issue administration and review of policies, and contestability reviews—all directly relevant to this case.  Specifically, the issues here concern the solicitation of the policy to Ms. King, the application process, the underwriting process, the post-issue underwriting process, the administration of in-force claims, and the contestability review.  The request is likely to lead to relevant admissible evidence—to understand how NWML instructs and trains its personnel and agents to determine if those instructions and training were complied with respect to Ms. King.

In its responses, NWML continued to rely upon *blanket and conclusory objections* concerning the breadth, proportionality and alleged vagueness—all of which are improper.

---

[25]    *See* Ex B, pp.35.
[26]    *See* Ex B, pp.36.

Further, NWML's arguments that the requests go to bad faith ignore the above discussion on relevancy—showing exactly how these requested documents and information are relevant to Ms. King's breach of contract claim, as well as NWML's rescission claim for which it bears the burden of proof.

While NWML cited to and produced *some* documents that appear to be relevant claims manuals, NWML has *not* produced the manuals in their entirety. Instead, NWML only provided *what it contends* is relevant to Ms. King's breach of contract claim. This is improper. It is *not* for NWML to decide what it deems relevant. At a minimum, NWML should have provided Ms. King with a table of contents, or similar document, so she could identify the specific manual/guideline sections she believes are relevant and/or to confirm NWML has produced all responsive material. Otherwise, it is impossible for Ms. King or the Court to know what other responsive documents exist.

Therefore, Ms. King requests the Court grant her motion to compel NWML to provide all responsive documents as to RFP Nos. 26-31, as well as to overrule its objections.

> **RFP No. 32**: Each Document and ESI detailing or discussing Defendant's contracting with, and appointment in Kentucky, of Ralph Barringer.
>
> *NWML Response*: Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiffs bad faith claims, which have been stayed.[27]

---

[27]  *See* Ex B, p.14.

> **RFP No. 33**: Each Document and ESI detailing or discussing Defendant's contracting with, and appointment in Kentucky, of Tamara Kraus.
>
> > ***NWML Response***:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiffs bad faith claims, which have been stayed.[28]

These requests are relevant as they seek information related to NWML's contract and appointment of Ralph Barringer and Tamara Kraus in Kentucky—its two agents.  Given both individuals were involved with Ms. King's application process, whether they were acting within the scope of their contract and agent appointment with NWML is inherently relevant given NWML decided to rescind Ms. King's policy based upon this very same application process—again completed by its agents.  Contrary to NWML's argument, this discovery goes directly to the breach of contract question. NWML cannot seriously contend information concerning its agents and their handling of the application is not relevant.  Notably, NWML has *not* disputed the documents exist—although absent the compliant Fed.R.Civ.P. 34 response Ms. King and the Court are left to guess.

Therefore, Ms. King requests the Court grant her motion to compel NWML to provide all responsive documents as to RFP Nos. 32-33, as well as to overrule its objections.

> **RFP No. 35**: Each Document and ESI relating, referring, or discussing the training provided to Defendant's claims

---

[28]    *See* Ex B, pp.23.

personnel for the administration of disability claims.

> **NWML Response**: Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.[29]

This request is also relevant as it specifically concerns the training NWML provides for its claim personnel (i.e., those directly involved in making the claim decision on Ms. King's claim). This information goes directly to the credibility, biases, accuracy of the decision, the information NWML believes necessary when processing a claim, and whether NWML's decision to rescind Ms. King's policy complied with these same training protocols. NWML simply objected this information was not relevant to a breach of contract claim. Notably, this information is routinely permitted in an ERISA cases—where the plaintiff is substantially limited to discovery they can seek for their ERISA 502(a)(1)(B) claims (i.e., breach of contract).

> As the court in Mullins noted, however, **the training received by claims personnel is a relevant point of inquiry**. *Mullins*, 267 F.R.D. at 520; *see also Davis*, 2015 U.S. Dist. LEXIS 158313, *32-33. As before, however, such inquiry should be limited to the training provided to those personnel who participated in the handling of Owens' claim.[30]

If this information is available in ERISA contract case, it would similarly be discoverable in a

---

[29]    *See* Ex B, p.15.
[30]    *Owens v. Liberty Life Assurance*, 2016 U.S. Dist. LEXIS 51350, at *27-28 (W.D. Ky. Jan. 15, 2016) (emph. added).

state law insurance case where discovery is much broader.

Therefore, Ms. King requests the Court grant her motion to compel NWML to provide all responsive documents to RFP No. 35, as well as to overrule its objections.

> **RFP No. 36**: Each Document and ESI relating, referring, or discussing Defendant's compensation practices for disability claim personnel, including all employee incentive, bonus, or reward programs.
>
> *NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating only to Plaintiffs bad faith claims, which have been stayed.[31]
>
> **RFP No. 37**: Each Document and ESI relating, referring, or discussing Defendant's performance review procedures for disability claim personnel as it relates to the quality and accuracy of claim administration and decisions, as well as it relates to employment reviews (e.g., merit increases, raises, promotion, job rating and retention, etc.).
>
> *NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request on the grounds that it seeks material that is neither relevant to the matters at issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request to the extent that it seeks information relating only to Plaintiffs bad faith claims, which have been stayed. Northwestern Mutual further objects to this request on the grounds that it is an attempt to violate the privacy

---

[31]  *See* Ex B, p.16

rights of non-parties to this lawsuit and is otherwise imposed for the purpose of harassing and/or delaying Northwestern Mutual and/or third parties and the context of these proceedings.[32]

**RFP No. 38**: Each Document and ESI comprising the employee file for each person involved with Defendant's decision to deny Plaintiffs claim for the Policy benefits-personal information such as medical records, employee benefit designations need not be produced and SSN and DOB may be redacted-to include performance reviews, audits, job title, job description, decision- making authority, and supervisor(s).

*NWML Response*: Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request on the grounds that it seeks material that is neither relevant to the matters at issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks information relating only to Plaintiffs bad faith claims, which have been stayed. Northwestern Mutual further objects to this request on the grounds that it is an attempt to violate the privacy rights of non-parties to this lawsuit and is otherwise imposed for the purpose of harassing and/or delaying Northwestern Mutual and/or third parties and the context of these proceedings[33]

**RFP No. 39**: Each Document and ESI comprising the employee file for each person involved with Defendant's decision to rescind the Policy-personal information such as medical records, employee benefit designations need not be produced and SSN and DOB may be redacted-to include performance reviews, audits, job title, job description, decision-making authority, and supervisor(s).

*NWML Response*: Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request to the extent that

---

[32] *Id*.
[33] *Id*., at p.17.

it seeks material that is neither relevant to the matters at issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks information relating only to Plaintiffs bad faith claims, which have been stayed. Northwestern Mutual further objects to this request on the grounds that it is an attempt to violate the privacy rights of non parties to this lawsuit and is otherwise imposed for the purpose of harassing and/or delaying Northwestern Mutual and/or third parties and the context of these proceedings.[34]

These requests are relevant as they seek the compensation practices for NWML's claims personnel, performance reviews procedures, and the personnel files for the specific individuals involved with Ms. King's claim and NWML's rescission decision.  Ms. King's requests, and confirmed with discussions with NWML, expressly allow for the redaction of personal information (i.e., dates of birth, social security numbers) and do *not* seek unrelated employee information.

Despite these narrow requests, NWML argued this information was *not* relevant to a breach of contract claim.  Ms. King disagrees.  These requests go to the credibility of the persons who made the decision to deny Ms. King's claim and rescind the policy—something that is inherently relevant in a breach of contract claim.  This is all the more the case when one of the relevant questions is: what did NWML know and when?  Being able to discern the credibility of the persons involved in both her claim, underwriting, and application process necessarily go to answering this question. The same holds true for any inherent biases based upon positive reviews (or negative and disciplinary) of the respective employee's claims decisions on NWML's behalf.

Therefore, Ms. King requests the Court grant her motion to compel NWML to provide all

---

[34] *Id*.

responsive documents to RFP Nos. 36-39, as well as to overrule its objections.

> **RFP No. 39**: Each Document and ESI relating to, referring to, or discussing Defendant's Market Conduct Annual Statement ("MCAS") filings for disability insurance for the calendar years 2019-2024-limited to Kentucky.
>
> > *NWML Response*:  Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiffs bad faith claims, which have been stayed.[35]

This request seeks relevant information concerning NWML's *MCAS* reports from 2019-2024—limited to  Kentucky.[36] Aside from its boilerplate objection (vague or overly broad), NWML contends this discovery falls outside of a breach of contract claim.  Ms. King disagrees. The volume of disability business NWML conducts in Kentucky, as well as the number of claim denials, rescissions, etc., is inherently relevant to its bias and credibility.

Therefore, Ms. King requests the Court grant her motion to compel NWML to provide all responsive documents to RFP No. 40,  as well as to overrule its objections.

### CONCLUSION

Based on the foregoing, Ms. King requests the Court grant her motion to compel and order NWML, within seven (7) days, to:

- Produce electronically saved information ("ESI") data and/or documents in their native format;

- Amend its objections to comply with the Federal Rules, including stating whether responsive documents have been withheld in conformity with Fed.R.Civ.P. 34(b)(2)(C); and,

- Produce all documents responsive to Requests for Production Nos. 11,

---

[35]    *See* Ex B, p.18.

[36]    *See e.g.,* https://content.naic.org/mcas-2024.htm.

15, 26-33, 35, 36-39 and 40.

* * * * * * * *

Respectfully Submitted,

/s/ Andrew M. Grabhorn

**Grabhorn Law | Insured Rights**®

Michael D. Grabhorn, CLU ChFC
(KBA 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY 40223
p (502) 244-9331
f (502) 244-9334

***Attorneys for Plaintiff Julia C. King***