## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | |
|---|---|
| **JULIA C. KING,**<br><br>        **Plaintiff / Counterclaim Defendant**<br><br>**v.**<br><br>**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,**<br><br>        **Defendant / Counterclaim Plaintiff** | **Civil Action No 3:24-cv-737-RGJ-RSE**<br><br><br>**REQUESTS FOR PRODUCTION** |

### INSTRUCTIONS

The enclosed discovery requests are submitted in accordance with and pursuant to the Federal Rules of Civil Procedure. The requests do not, and are not, intended to expand the Rules. Defendant's responses should similarly be made in accordance with the Rules.

Responsive items should be produced for inspection and copying at Grabhorn Law | Insured Rights® located at 2525 Nelson Miller Parkway, Suite 107, Louisville, Kentucky, 40223. Alternatively, Defendant may comply by: (1) mailing true and correct legible copies of the responsive documents, together with a signed declaration that the copies are true and accurate; (2) a statement indicating the original of the document may be inspected by Plaintiff's counsel upon reasonable request; and (3) identifying by Bates Stamp the responsive document(s) for the respective request (tying the copies to the request).

An answer or other appropriate response must be given to each request for production. Each answer must be as complete and straightforward as the information reasonably available to you permits. If a request cannot be answered completely, answer it to the extent possible. For

EXHIBIT A - 2

any request for production for which Defendant objects, please state whether any responsive materials are being withheld on the basis of that specific objection. An objection to part of a request must specify the part and provide responsive documents to the rest of the request.

For any requests for production for which Defendant objects based on privilege, please produce a log stating the specific privilege and describing each document not produced sufficient for the court to make a determination of whether privilege applies. Please include the date as nearly known that such document was produced and the grounds for not producing such document.

For any requests for production for which Defendant contends a protective order is necessary, please provide a description of the documents and state the basis and rationale necessitating a protective order.  Further, please contact Plaintiff's counsel in advance of the need for any protective order so as to ensure Defendant's compliance with the discovery deadlines and to avoid unnecessary delay of this litigation.

The following discovery is continuing in nature. Defendant must provide, by way of supplementary responses, such additional information as you or any other person acting on your behalf may hereafter obtain which would correct, clarify, or otherwise modify your responses.

## DEFINITIONS

Unless otherwise defined herein, each term shall be given its ordinary and natural meaning.  If Defendant is unable to ascertain the meaning of a term or phrase, Defendant should contact Plaintiff's counsel for clarification.  Otherwise, Defendant should use the Merriam-Webster dictionary definition: ***http://www.merriam-webster.com***/.

"Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

"Concerning" means referring to, describing, evidencing, or constituting.

"Defendant" means Northwestern Mutual Life Insurance Company ("NWML"), and includes all related companies, holding companies, subsidiaries, agents, employees, and assumed entities.

"Document" shall have the broadest possible meaning, and shall include, without limitation, all printed or recorded matter or material of any kind, however produced or reproduced, including all hard copies and electronic versions stored on computer drives, servers, or diskettes, including all originals, drafts, working papers, and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and electronic, mechanical, or electrical records or representations of any kind, translated through detection devices into reasonably usable form. The term "document" includes, but is not limited to, papers, books, book entries, accounts, letters, photographs, objects, tangible things, correspondence, telegrams, cables, telexes, or telefax messages, memoranda, circular[s], notes, regulatory filings, bulletin[s], data notations, work papers, intra-office communications, interdepartmental communications, transcripts, minutes, reports, and records of any communications, affidavits, statements, summaries, opinions, reports, summaries of accounts, bills, receipts, balance sheets, income statements, desk calendars, appointment books, all other records kept by electronic, photographic, or mechanical means, i.e., electronic mail communications, and things similar to any of the foregoing, however denominated.

"Electronically stored information" ("ESI") means computer generated data or information of any kind and from any source, whose temporal existence is evidenced by its storage in, or on any electronic medium, wherever located. For purposes of this notice, relevant evidence (or information that may lead to discovery of relevant evidence) in the form of ESI may

consist of operating systems, applications and other executables, and computer-generated information, all in their native, electronic format ("Digital Evidence").

"Digital evidence" also includes: electronically produced records, non-normalized files, document data (structured and unstructured), data objects, streams, hidden system files, metadata associated with other electronically generated data, and which may be located on free-standing, networked or non-networked computers, servers, laptop, mobile data-generating or communication device, or on any part of a server, computer central processing unit or digital device that may contain data storage capabilities including hard disk drives, optical disk drives, removable media such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives, USB, Flash, or Snap drives, "smart-phones," data processing cards, computer magnetic tapes, backup tapes, drum and disk storage devices or any other similar electronic storage media or system including virtual storage, of whatever name or description.

"Person" includes a natural person, firm, association, organization, partnership, business, trust, corporation, or public entity.

"Policy" means the disability insurance policy, Policy Number N00045791A, issued to Leslie Johnson as the insured.

"You" refers to Defendant and includes, inter alia, any parent or holding companies, any subsidiaries, agents, employees, and any Person acting in its behalf.

### ELECTRONICALLY STORED INFORMATION ("ESI")

The information sought herein includes Electronically Stored Information ("ESI"). Before any production of ESI, Defendant should contact Plaintiff to discuss (1) key word search terms; and (2) the specific format of such production. A person knowledgeable about Defendant's information management systems should participate in this discussion.  Waiting

- 4 -

until Defendant's responses are due to begin any discussion as to ESI is inappropriate and shall be deemed a failure to comply with the Rules in good faith.

While the specific format of production for ESI should be discussed and confirmed with Plaintiff prior to production, in general, ESI shall be produced in native format. Under no circumstances should ESI be converted from the form in which it is ordinarily maintained to a different form that makes it more difficult or burdensome to use the ESI.  ESI should not be produced in a form that removes or significantly degrades the ability to search the ESI by electronic means where the ESI is ordinarily maintained in a way that makes it searchable by electronic means.

Email should be produced in PST format.  Emails should show the sending party, and include all addressees, subject lines, dates, times, attachments, metadata, and email strings. Before producing paper documents that have been imaged on CD ROM, Defendant should contact Plaintiff to discuss production guidelines.

## RELEVANT TIME PERIOD

Unless otherwise specifically stated in a request, the applicable time period is from November 15, 2024 to the present.

## REQUESTS FOR PRODUCTION[1]

1.      Each Document and ESI relied on, or related to, Defendant's answer to the complaint, as well as all defenses and affirmative defenses listed in Defendant's pleadings in this civil action.

2.      Each Document and ESI Defendant may offer at trial in this matter.

3.      Each exhibit Defendant may offer at trial.

4.      Each opinion, report, or similar written document, Defendant obtained from any person who Defendant has retained as a potential testifying expert witness in this matter, including:

        a.      a complete statement of all opinions the witness will express and the basis and reasons for their opinions;

        b.      the facts or data considered by the witness in forming their opinions;

        c.      any exhibits that will be used to summarize or support their opinions;

        d.      the witness's current curriculum vitae;

        e.      the witness's qualifications, including a list of all publications authored in the previous 10 years;

        f.      a list of all other cases in which, during the previous 4 years, the witness was retained to offer an opinion;

        g.      a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

        h.      a statement of the compensation to be paid for the expert's opinions in this case.

5.      Each opinion, report, or similar written document, Defendant obtained from any person who Defendant has retained as a potential testifying expert witness in this matter.

        a.      a complete statement of all opinions the witness will

---

[1]   Responses should identify by Bates Stamp, or some similarly recognizable identifying system, the documents responsive to each request.

EXHIBIT A - 7

express and the basis and reasons for their opinions;

b. the facts or data considered by the witness in forming their opinions;

c. any exhibits that will be used to summarize or support their opinions;

d. the witness's current curriculum vitae;

e. the witness's qualifications, including a list of all publications authored in the previous 10 years;

f. a list of all other cases in which, during the previous 4 years, the witness was retained to offer an opinion;

g. a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

h. a statement of the compensation to be paid for the expert's opinions in this case.

6. Each Document and ESI identifying each person Defendant retained to potentially provide testimony in this matter, whether as a fact or expert witness.

7. Each Document and ESI identifying, containing, or referring to any statement, declaration, narrative, interview, or testimony obtained by or on behalf of Defendant referring to the facts in this action.

8. Each Document and ESI relating to, referring to, or discussing the Policy in any manner.

9. Each Document and ESI relating to, referring to, or discussing Plaintiff in any manner.

10. Each Document and ESI relating to, referring to, or discussing each Milliman report obtained by Defendant concerning Plaintiff, including the underlying request for the report, each risk score, and all other related data.

11. Each Document and ESI relating to, referring to, or discussing Defendant's agreement with, contract with, or subscription to, Milliman, including Irix® Rules Engine, Irix® Prescription Data, Irix® Medical Data, Irix® Recheck, Irix® Risk Score | Mortality, and Irix® Risk Score | Morbidity.

12. Each Document and ESI relating to, referring to, or discussing Defendant's

EXHIBIT A - 8

guidelines, manuals, and procedures for the review, use, interpretation, and translation of codes, of a Milliman report.

13. Each Document and ESI relating to, referring to, or discussing each MIB report obtained on Plaintiff.

14. Each Document and ESI relating to, referring to, or discussing each code Defendant submitted to MIB concerning Plaintiff.

15. Each Document and ESI relating to, referring to, or discussing guidelines, manuals, and procedures for the review, use, interpretation, and translation of codes, of a MIB report.

16. Each Document and ESI relating to, referring to, or discussing the underwriting guidelines, policies, criteria, and similarly related documents applicable to the Policy.

17. Each Document and ESI relating to, referring to, or discussing the underwriting of Plaintiff's application for the Policy.

18. Each Document and ESI Defendant contends comprises the underwriting file for the Policy.

19. Each Document and ESI relating to, referring to, or discussing the post-issue underwriting guidelines, policies, criteria, and similarly applicable to the Policy.

20. Each Document and ESI relating to, referring to, or discussing manuals, internal rules, guidelines, protocols, criterion, or similar documents, relating to the administration of in-force disability insurance policies—the same class as the Policy.

21. Each Document and ESI relating, referring, or discussing Defendant's contestability review administrative process.

22. Each Document and ESI Defendant contends comprises the claim file applicable to Plaintiff's claim for the Policy benefits.

23. Each Document and ESI relating to, referring to, or discussing Plaintiff's claim for the Policy benefits.

24. Each Document and ESI relating to, referring to, or discussing Defendant's decision to rescind the Policy.

25. Each Document and ESI relating to, referring to, or discussing Defendant's decision to deny Plaintiff's claim for the Policy benefits.

26. Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees,

contractors, representatives, and agents to follow in the administration of disability insurance contestability reviews, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

27.     Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the underwriting of disability insurance applications, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

28.     Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the post-issue administration and underwriting review of inforce disability insurance policies, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

29.     Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its agents and producers to follow in the solicitation, sale, and application process for disability insurance coverage, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

30.     Each Document and ESI detailing or discussing the training Defendant provided to Ralph Barringer relating to the solicitation, sale, application, and delivery process for the Policy.

31.     Each Document and ESI detailing or discussing the training Defendant provided to Tamara Kraus relating to the solicitation, sale, application, and delivery process for the Policy.

32.     Each Document and ESI detailing or discussing Defendant's contracting with, and appointment in Kentucky, of Ralph Barringer.

33.     Each Document and ESI detailing or discussing Defendant's contracting with, and appointment in Kentucky, of Tamara Kraus.

34.     Each Document and ESI comprising a manual, or similar document, relating to the administration and/or processing of disability claims.

35.     Each Document and ESI relating, referring, or discussing the training provided to Defendant's claims personnel for the administration of disability claims.

36.     Each Document and ESI relating, referring, or discussing Defendant's compensation practices for disability claim personnel, including all employee incentive, bonus, or reward programs.

37.     Each Document and ESI relating, referring, or discussing Defendant's

performance review procedures for disability claim personnel as it relates to the quality and accuracy of claim administration and decisions, as well as it relates to employment reviews (e.g., merit increases, raises, promotion, job rating and retention, etc.).

38.     Each Document and ESI comprising the employee file for each person involved with Defendant's decision to deny Plaintiff's claim for the Policy benefits—personal information such as medical records, employee benefit designations need not be produced and SSN and DOB may be redacted—to include performance reviews, audits, job title, job description, decision-making authority, and supervisor(s).

39.     Each Document and ESI comprising the employee file for each person involved with Defendant's decision to rescind the Policy—personal information such as medical records, employee benefit designations need not be produced and SSN and DOB may be redacted—to include performance reviews, audits, job title, job description, decision-making authority, and supervisor(s).

40.     Each Document and ESI relating to, referring to, or discussing Defendant's Market Conduct Annual Statement ("MCAS") filings for disability insurance for the calendar years 2019-2024—limited to Kentucky.

41.     Each Document and ESI referred to in Defendant's Rule 26(a) and 26(e) disclosures.

42.     If documents have been withheld based on privilege, a privilege log.  This request includes any claims based on the advice of counsel defense.

* * * * * * * * *

Dated: February 26, 2025

Respectfully submitted,

/s/ Michael D. Grabhorn

**Grabhorn Law | Insured Rights®**

Michael D. Grabhorn, CLU ChFRC
(KBA 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, KY  40223
p: (502) 244-9331

***Counsel for Plaintiff***

**CERTIFICATE OF SERVICE**

I certify that, on February 26, 2025, a copy of the foregoing was filed electronically

served on Defendant's counsel to:

> Cornelius E. Coryell, II
> *ccoryell@wyattfirm.com*

> /s/ Michael D. Grabhorn