UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JULIE C. KING                          )
                                       )
            PLAINTIFF                   )
                                       )
v.                                     )    CIVIL ACTION NO. 3:24-CV-737-RGJ-
                                       )    RSE
                                       )
NORTHWESTERN MUTUAL LIFE               )
INSURANCE COMPANY                      )
                                       )
            DEFENDANT                   )

## DEFENDANT'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"), by counsel, hereby tenders the following answers and responses to the first set of interrogatories and requests for production of documents propounded by the Plaintiff Julia C. King ("King").[1]

## GENERAL OBJECTIONS

1.    Northwestern Mutual objects to the instructions and definitions portion of Plaintiff's interrogatories and requests for production of documents to the extent that they purport to impose any obligation on Northwestern Mutual greater than the obligations imposed by the Federal Rules of Civil Procedure.

---

[1] The Complaint identifies the Plaintiff as Julie C. King. The policy of disability income insurance identified in the Complaint was issued to Julia C. King. For purposes of these discovery requests, Northwestern Mutual assumes that the Plaintiff is the insured, Julia C. King.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION #1**    Each Document and ESI relied on, or related to, Defendant's answer to the complaint, as well as all defenses and affirmative defenses listed in Defendant's pleadings in this civil action.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad. Subject to and without waiving its general and specific objections, Northwestern Mutual refers Plaintiff to the documents produced herewith and Bates stamped NM0000001–NM00010575. Northwestern Mutual's claim file is produced herewith and Bates stamped NM00000130-NM00007472. A replica copy of the policy at issue is produced herewith and Bates stamped NM00010320–NM00010364, and underwriting/application files for the policy at issue are produced herewith and Bates stamped NM00000001–NM00000117 and NM00010365–NM00010390 respectively.

**REQUEST FOR PRODUCTION #2**    Each Document and ESI Defendant may offer at trial in this matter.

**RESPONSE:**    Northwestern Mutual has not yet identified the documents it may introduce as exhibits at the trial of this matter. When that determination is made, the documents will be produced as required by orders of the Court.

**REQUEST FOR PRODUCTION #3**    Each exhibit Defendant may offer at trial.

**RESPONSE:**    Northwestern Mutual has not yet identified the documents it may introduce as exhibits at the trial of this matter. When that determination is made, the material will be produced as required by orders of the Court.

**REQUEST FOR PRODUCTION #4**    Each opinion, report, or similar written document, Defendant obtained from any person who Defendant has retained as a potential testifying expert witness in this matter, including:

    a.    a complete statement of all opinions the witness

11

will express and the basis and reasons for their opinions;

b.      the facts or data considered by the witness in forming their opinions;

c.      any exhibits that will be used to summarize or support their opinions;

d.      the witness's current curriculum vitae;

e.      the witness's qualifications, including a list of all publications authored in the previous 10 years;

f.      a list of all other cases in which, during the previous 4 years, the witness was retained to offer an opinion;

g.      a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

h.      a statement of the compensation to be paid for the expert's opinions in this case.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, overly broad, and seeks material outside the scope of the Federal Rules of Civil Procedure.   Northwestern Mutual further objects to this request to the extent that it seeks information and material protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving its general and specific objections, Northwestern Mutual states that the information regarding expert disclosures required by the Federal Rules of Civil Procedure will be provided as required by the orders of the Court.

**REQUEST FOR PRODUCTION #5**      Each opinion, report, or similar written document, Defendant obtained from any person who Defendant has retained as a potential testifying expert witness in this matter.

a.      a complete statement of all opinions the witness will express and the basis and reasons for their opinions;

12

b.    the facts or data considered by the witness in forming
their opinions;

c.    any exhibits that will be used to summarize or support
their opinions;

d.    the witness's current curriculum vitae;

e.    the witness's qualifications, including a list of
all publications authored in the previous 10
years;

f.    a list of all other cases in which, during the
previous 4 years, the witness was retained to offer
an opinion;

g.    a list of all other cases in which, during the
previous 4 years, the witness testified as an expert
at trial or by deposition; and

h.    a statement of the compensation to be paid for the
expert's opinions in this case.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly

burdensome, overly broad, and seeks material outside the scope of the Federal Rules of Civil

Procedure.    Northwestern Mutual further objects to this request to the extent that it seeks

information and material protected by the attorney-client privilege and/or work product doctrine.

Subject to and without waiving its general and specific objections, Northwestern Mutual states that

the information regarding expert disclosures required by the Federal Rules of Civil Procedure will

be provided as required by the orders of the Court.

**REQUEST FOR PRODUCTION #6**    Each Document and ESI identifying each
person Defendant retained to potentially provide testimony in this matter, whether as a fact or
expert witness.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly

burdensome, overly broad, and seeks material outside the scope of the Federal Rules of Civil

13

EXHIBIT B - 5

Procedure.    Northwestern Mutual further objects to this request to the extent that it seeks information and material protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving its general and specific objections, Northwestern Mutual states that the information regarding witness disclosures required by the Federal Rules of Civil Procedure will be provided as required by the orders of the Court.

**REQUEST FOR PRODUCTION #7**    Each Document and ESI identifying, containing, or referring to any statement, declaration, narrative, interview, or testimony obtained by or on behalf of Defendant referring to the facts in this action.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.    Northwestern Mutual further objects to this request to the extent that it seeks material relevant only to Plaintiff's bad faith claims which have been stayed.    Subject to and without waiving its general and specific objections, Northwestern Mutual refers Plaintiff to the documents produced by Northwestern Mutual and Bates stamped NM00000001-NM00010575, including the Claims File NM00000130-NM00007472.

**REQUEST FOR PRODUCTION #8**    Each Document and ESI relating to, referring to, or discussing the Policy in any manner.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.    Northwestern Mutual further objects to this request to the extent it seeks material relating only to Plaintiff's bad faith claims which have been stayed.    Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00000001-NM00010575 and NM00010604-NM00010656.

**REQUEST FOR PRODUCTION #9**    Each Document and ESI relating to, referring to, or discussing Plaintiff in any manner.

14

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad. Northwestern Mutual further objects to this request to the extent it seeks material relating only to Plaintiff's bad faith claims which have been stayed. Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00000001-NM00010575.

**REQUEST FOR PRODUCTION #10**    Each Document and ESI relating to, referring to, or discussing each Milliman report obtained by Defendant concerning Plaintiff, including the underlying request for the report, each risk score, and all other related data.

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that non-privileged documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010605-NM00010655.

**REQUEST FOR PRODUCTION #11**    Each Document and ESI relating to, referring to, or discussing Defendant's agreement with, contract with, or subscription to, Milliman, including Irix® Rules Engine, Irix® Prescription Data, Irix® Medical Data, Irix® Recheck, Irix® Risk Score | Mortality, and Irix® Risk Score | Morbidity.

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern

15

Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.

**REQUEST FOR PRODUCTION #12**     Each Document and ESI relating to, referring to, or discussing Defendant's guidelines, manuals, and procedures for the review, use, interpretation, and translation of codes, of a Milliman report.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that it has not identified any documents within the scope of this request.

**REQUEST FOR PRODUCTION #13**     Each Document and ESI relating to, referring to, or discussing each MIB report obtained on Plaintiff.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that non-privileged documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010656.

**REQUEST FOR PRODUCTION #14**     Each Document and ESI relating to, referring to, or discussing each code Defendant submitted to MIB concerning Plaintiff.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern

16

Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that non-privileged documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010604.

**REQUEST FOR PRODUCTION #15**       Each Document and ESI relating to, referring to, or discussing guidelines, manuals, and procedures for the review, use, interpretation, and translation of codes, of a MIB report.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further states that the material requested herein is confidential and proprietary and will not be produced.

**REQUEST FOR PRODUCTION #16**       Each Document and ESI relating to, referring to, or discussing the underwriting guidelines, policies, criteria, and similarly related documents applicable to the Policy.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant, nonprivileged documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00000459-NM00000462; NM00000479-NM00000549; and NM00010365-NM00010390.

17

**REQUEST FOR PRODUCTION #17**    Each Document and ESI relating to, referring to, or discussing the underwriting of Plaintiff's application for the Policy.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant, nonprivileged documents within the scope of this request have been produced and Bates stamped NM00000459-NM00000462 and NM00000479-NM00000549.

**REQUEST FOR PRODUCTION #18**    Each Document and ESI Defendant contends comprises the underwriting file for the Policy.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad. Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced and Bates stamped NM00000001-NM00000117 and NM00010365-NM00010390.

**REQUEST FOR PRODUCTION #19**    Each Document and ESI relating to, referring to, or discussing the post-issue underwriting guidelines, policies, criteria, and similarly applicable to the Policy.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant, nonprivileged documents within the scope of this request have been produced and Bates stamped NM00000459-NM00000462 and NM00000479-NM00000549.

18

**REQUEST FOR PRODUCTION #20:**    Each Document and ESI relating to, referring to, or discussing manuals, internal rules, guidelines, protocols, criterion, or similar documents, relating to the administration of in-force disability insurance policies—the same class as the Policy.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant, nonprivileged documents within the scope of this request have been produced and Bates stamped NM00010576-NM00010603.

**REQUEST FOR PRODUCTION #21**    Each Document and ESI relating, referring, or discussing Defendant's contestability review administrative process.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant, nonprivileged documents within the scope of this request have been produced and Bates stamped NM00010576-NM00010603.

**REQUEST FOR PRODUCTION #22**    Each Document and ESI Defendant contends comprises the claim file applicable to Plaintiff's claim for the Policy benefits

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Subject to and without waiving its general and specific objections,

19

Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced and Bates stamped NM00000130-NM00007472.

**REQUEST FOR PRODUCTION #23**    Each Document and ESI relating to, referring to, or discussing Plaintiff's claim for the Policy benefits.

**RESPONSE:**  Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced and Bates stamped NM000000118-NM00010575.

**REQUEST FOR PRODUCTION #24**    Each Document and ESI relating to, referring to, or discussing Defendant's decision to rescind the Policy.

**RESPONSE:**  Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced and Bates stamped NM00000130-NM00007472 and NM00010551-NM00010575.

**REQUEST FOR PRODUCTION #25**    Each Document and ESI relating to, referring to, or discussing Defendant's decision to deny Plaintiff's claim for the Policy benefits.

**RESPONSE:**  Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced and Bates stamped NM00000130-NM00007472 and NM00010551-NM00010575.

**REQUEST FOR PRODUCTION #26**    Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the administration of disability insurance contestability reviews, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

20

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #27**   Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the underwriting of disability insurance applications, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #28**   Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the post-issue administration and underwriting review of inforce disability insurance policies, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

**RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this

litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #29**    Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its agents and producers to follow in the solicitation, sale, and application process for disability insurance coverage, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.

**REQUEST FOR PRODUCTION #30**    Each Document and ESI detailing or discussing the training Defendant provided to Ralph Barringer relating to the solicitation, sale, application, and delivery process for the Policy.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request to the extent that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.

**REQUEST FOR PRODUCTION #31**    Each Document and ESI detailing or discussing the training Defendant provided to Tamara Kraus relating to the solicitation, sale, application, and delivery process for the Policy.

22

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request to the extent that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.

**REQUEST FOR PRODUCTION #32**    Each Document and ESI detailing or discussing Defendant's contracting with, and appointment in Kentucky, of Ralph Barringer.

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #33**    Each Document and ESI detailing or discussing Defendant's contracting with, and appointment in Kentucky, of Tamara Kraus.

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #34**    Each Document and ESI comprising a manual, or similar document, relating to the administration and/or processing of disability claims.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiff's bad faith claims, which have been stayed.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010576-NM00010603.

**REQUEST FOR PRODUCTION #35**    Each Document and ESI relating, referring, or discussing the training provided to Defendant's claims personnel for the administration of disability claims.

**RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #36**    Each Document and ESI relating, referring, or discussing Defendant's compensation practices for disability claim personnel, including all employee incentive, bonus, or reward programs.

24

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating only to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #37**    Each Document and ESI relating, referring, or discussing Defendant's performance review procedures for disability claim personnel as it relates to the quality and accuracy of claim administration and decisions, as well as it relates to employment reviews (e.g., merit increases, raises, promotion, job rating and retention, etc.).

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request on the grounds that it seeks material that is neither relevant to the matters at issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request to the extent that it seeks information relating only to Plaintiff's bad faith claims, which have been stayed. Northwestern Mutual further objects to this request on the grounds that it is an attempt to violate the privacy rights of non-parties to this lawsuit and is otherwise imposed for the purpose of harassing and/or delaying Northwestern Mutual and/or third-parties and the context of these proceedings.

**REQUEST FOR PRODUCTION #38**    Each Document and ESI comprising the employee file for each person involved with Defendant's decision to deny Plaintiff's claim for the Policy benefits—personal information such as medical records, employee benefit designations need not be produced and SSN and DOB may be redacted—to include performance reviews, audits, job title, job description, decision- making authority, and supervisor(s).

25

**RESPONSE:**  Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request on the grounds that it seeks material that is neither relevant to the matters at issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks information relating only to Plaintiff's bad faith claims, which have been stayed. Northwestern Mutual further objects to this request on the grounds that it is an attempt to violate the privacy rights of non-parties to this lawsuit and is otherwise imposed for the purpose of harassing and/or delaying Northwestern Mutual and/or third-parties and the context of these proceedings.

**REQUEST FOR PRODUCTION #39**     Each Document and ESI comprising the employee file for each person involved with Defendant's decision to rescind the Policy—personal information such as medical records, employee benefit designations need not be produced and SSN and DOB may be redacted—to include performance reviews, audits, job title, job description, decision-making authority, and supervisor(s).

**RESPONSE:**  Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request to the extent that it seeks material that is neither relevant to the matters at issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks information relating only to Plaintiff's bad faith claims, which have been stayed. Northwestern Mutual further objects to this request on the grounds that it is an attempt to violate the privacy rights of non-parties to this lawsuit and is otherwise imposed for the purpose of harassing and/or delaying Northwestern Mutual and/or third-parties and the context of these proceedings.

**REQUEST FOR PRODUCTION #40**     Each Document and ESI relating to, referring to, or discussing Defendant's Market Conduct Annual Statement ("MCAS") filings for disability insurance for the calendar years 2019-2024—limited to Kentucky.

26

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.

**REQUEST FOR PRODUCTION #41**    Each Document and ESI referred to in Defendant's Rule 26(a) and 26(e) disclosures.

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Subject to and without waiving its general and specific objections, Northwestern Mutual states that nonprivileged documents within the scope of this request have been produced and Bates stamped NM0000001-NM0010575.

**REQUEST FOR PRODUCTION #42**    If documents have been withheld based on privilege, a privilege log. This request includes any claims based on the advice of counsel defense.

**RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiff's bad faith claims, which have been stayed. Subject to and without waiving its general and specific objections, Northwestern Mutual states that no documents or materials generated prior to the filing of the instant lawsuit have been withheld under a claim of privilege.

Respectfully submitted,

Cornelius E. Coryell, II
ccoryell@wyattfirm.com
Sean G. Williamson
swilliamson@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
502.562.7376

*Counsel for Defendant The Northwestern
Mutual Life Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by email, on this the 8th day of April, 2025:

Michael D. Grabhorn
m.grabhorn@grabhornlaw.com
Andrew M. Grabhorn
a.grabhorn@grabhornlaw.com
GRABHORN LAW/INSURED RIGHTS
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223

*Counsel for Plaintiff Julie C. King*

Counsel for Defendant The Northwestern Mutual
Life Insurance Company

101909055.1

28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| JULIE C. KING | ) | |
| | ) | |
| PLAINTIFF | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:24-CV-737-RGJ-RSE |
| | ) | |
| NORTHWESTERN MUTUAL LIFE | ) | |
| INSURANCE COMPANY | ) | |
| | ) | |
| DEFENDANT | ) | |

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"),
by counsel, hereby tenders the following supplemental answers and responses to the first set of
interrogatories and requests for production of documents propounded by the Plaintiff Julia C. King
("King").[1]

**GENERAL OBJECTIONS**

1.       Northwestern Mutual objects to the instructions and definitions portion of
Plaintiff's interrogatories and requests for production of documents to the extent that they purport
to impose any obligation on Northwestern Mutual greater than the obligations imposed by the
Federal Rules of Civil Procedure.

---

[1] The Complaint identifies the Plaintiff as Julie C. King. The policy of disability income insurance
identified in the Complaint was issued to Julia C. King. For purposes of these discovery requests,
Northwestern Mutual assumes that the Plaintiff is the insured, Julia C. King.

## SUPPLEMENTAL RESPONSES TO REQUESTS
## FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION #8**       Each Document and ESI relating to, referring to, or discussing the Policy in any manner.

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Northwestern Mutual further objects to this request to the extent it seeks material relating only to Plaintiff's bad faith claims which have been stayed.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00000001-NM00010575 and NM00010604-NM00010656.

**REQUEST FOR PRODUCTION #9**       Each Document and ESI relating to, referring to, or discussing Plaintiff in any manner.

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Northwestern Mutual further objects to this request to the extent it seeks material relating only to Plaintiff's bad faith claims which have been stayed.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00000001-NM00010575.

**REQUEST FOR PRODUCTION #10**       Each Document and ESI relating to, referring to, or discussing each Milliman report obtained by Defendant concerning Plaintiff, including the underlying request for the report, each risk score, and all other related data.

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of

12

the material requested.   Subject to and without waiving its general and specific objections,

Northwestern Mutual states that the documents within the scope of this request have been produced

to the Plaintiff and Bates stamped NM00010605-NM00010655.

**REQUEST FOR PRODUCTION #14**      Each Document and ESI relating to, referring
to, or discussing each code Defendant submitted to MIB concerning Plaintiff.

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the

grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the

matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible

evidence.   Northwestern Mutual further objects to this request on the grounds that it seeks to

impose a burden on Northwestern Mutual which is not proportional to the relevance or value of

the material requested.   Subject to and without waiving its general and specific objections,

Northwestern Mutual states that the documents within the scope of this request have been produced

to the Plaintiff and Bates stamped NM00010604.

**REQUEST FOR PRODUCTION #15**      Each Document and ESI relating to, referring
to, or discussing guidelines, manuals, and procedures for the review, use, interpretation, and
translation of codes, of a MIB report.

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the

grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the

matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible

evidence.   Northwestern Mutual further objects to this request on the grounds that it seeks to

impose a burden on Northwestern Mutual which is not proportional to the relevance or value of

the material requested.   Northwestern Mutual further objects on the grounds that the material

requested herein is the confidential and proprietary property of a third-party and that Northwestern

Mutual is contractually prohibited from producing the material.   Therefore, the material will not

be produced.

13

**REQUEST FOR PRODUCTION #16**     Each Document and ESI relating to, referring to, or discussing the underwriting guidelines, policies, criteria, and similarly related documents applicable to the Policy.

**SUPPLEMENTAL RESPONSE:**     Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the relevant documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00000459-NM00000462; NM00000479-NM00000549; and NM00010365-NM00010390.

**REQUEST FOR PRODUCTION #17**     Each Document and ESI relating to, referring to, or discussing the underwriting of Plaintiff's application for the Policy.

**SUPPLEMENTAL RESPONSE:**     Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the relevant documents within the scope of this request have been produced and Bates stamped NM00000459-NM00000462 and NM00000479-NM00000549.

**REQUEST FOR PRODUCTION #18**     Each Document and ESI Defendant contends comprises the underwriting file for the Policy.

**SUPPLEMENTAL RESPONSE:**     Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced and Bates stamped NM00000001-NM00000117 and NM00010365-NM00010390.

14

**REQUEST FOR PRODUCTION #19**    Each Document and ESI relating to, referring to, or discussing the post-issue underwriting guidelines, policies, criteria, and similarly applicable to the Policy.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the relevant documents within the scope of this request have been produced and Bates stamped NM00000459-NM00000462 and NM00000479-NM00000549.

**REQUEST FOR PRODUCTION #20:**    Each Document and ESI relating to, referring to, or discussing manuals, internal rules, guidelines, protocols, criterion, or similar documents, relating to the administration of in-force disability insurance policies—the same class as the Policy.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the relevant documents within the scope of this request have been produced and Bates stamped NM00010576-NM00010603.

**REQUEST FOR PRODUCTION #21**    Each Document and ESI relating, referring, or discussing Defendant's contestability review administrative process.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to

15

impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Subject to and without waiving its general and specific objections, Northwestern Mutual states that the relevant documents within the scope of this request have been produced and Bates stamped NM00010576-NM00010603.

**REQUEST FOR PRODUCTION #22**     Each Document and ESI Defendant contends comprises the claim file applicable to Plaintiff's claim for the Policy benefits

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad. Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced and Bates stamped NM00000130-NM00007472.

**REQUEST FOR PRODUCTION #23**     Each Document and ESI relating to, referring to, or discussing Plaintiff's claim for the Policy benefits.

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad. Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced and Bates stamped NM000000118-NM00010575.

**REQUEST FOR PRODUCTION #24**     Each Document and ESI relating to, referring to, or discussing Defendant's decision to rescind the Policy.

**SUPPLEMENTAL RESPONSE:**   Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad. Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced and Bates stamped NM00000130-NM00007472 and NM00010551-NM00010575.

**REQUEST FOR PRODUCTION #25**     Each Document and ESI relating to, referring to, or discussing Defendant's decision to deny Plaintiff's claim for the Policy benefits.

16

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced and Bates stamped NM00000130-NM00007472 and NM00010551-NM00010575.

**REQUEST FOR PRODUCTION #34**    Each Document and ESI comprising a manual, or similar document, relating to the administration and/or processing of disability claims.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.  Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiff's bad faith claims, which have been stayed.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010576-NM00010603.

**REQUEST FOR PRODUCTION #41**    Each Document and ESI referred to in Defendant's Rule 26(a) and 26(e) disclosures.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly burdensome, vague, and overly broad.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that the documents within the scope of this request have been produced and Bates stamped NM0000001-NM0010575.

17

Respectfully submitted,

Cornelius E. Coryell, II
ccoryell@wyattfirm.com
Sean G. Williamson
swilliamson@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
502.562.7376

*Counsel for Defendant The Northwestern
Mutual Life Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by email, on this the 22nd day of May, 2025:

Michael D. Grabhorn
m.grabhorn@grabhornlaw.com
Andrew M. Grabhorn
a.grabhorn@grabhornlaw.com
GRABHORN LAW/INSURED RIGHTS
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223

*Counsel for Plaintiff Julie C. King*

*Counsel for Defendant The Northwestern Mutual
Life Insurance Company*

101956168.1

18

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JULIE C. KING                              )
                                           )
            PLAINTIFF                       )
                                           )
    v.                                     )    CIVIL ACTION NO. 3:24-CV-737-RGJ-RSE
                                           )
NORTHWESTERN MUTUAL LIFE                     )
INSURANCE COMPANY                           )
                                           )
            DEFENDANT                        )

## DEFENDANT'S SECOND SUPPLEMENTAL RESPONSES TO
## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"),

by counsel, hereby tenders the following second supplemental answers and responses to the first

requests for production of documents propounded by the Plaintiff Julia C. King ("King").

### GENERAL OBJECTIONS

1.      Northwestern Mutual objects to the instructions and definitions portion of

Plaintiff's interrogatories and requests for production of documents to the extent that they purport

to impose any obligation on Northwestern Mutual greater than the obligations imposed by the

Federal Rules of Civil Procedure.

2.      Northwestern Mutual objects to the interrogatories and requests for production of

documents to the extent that they seek information or documents that are protected from disclosure

by the attorney/client privilege and/or work-product doctrine, including but not limited to

information or documents known to or in the possession of Northwestern Mutual's attorneys, but

admissible evidence in that the Policy issued to "Leslie Johnson," referenced therein is not at issue in this action. In answering these discovery requests, Northwestern Mutual is providing information regarding the Policy identified in the Complaint, Policy No. D2843718 issued to Julia C. King.

9.    Northwestern Mutual objects to Plaintiff's definition of "ESI" and the related instructions to the extent that they purport to impose any obligation on Northwestern Mutual greater than the obligations imposed by the Federal Rules of Civil Procedure. Northwestern Mutual states that all material responsive to Plaintiff's request for production has been produced in document form.

10.   Northwestern Mutual objects to Plaintiff's definitions and instructions regarding Relevant Time Period as arbitrary and as seeking information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## SECOND SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION #29**    Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its agents and producers to follow in the solicitation, sale, and application process for disability insurance coverage, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague and overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects to this request to the extent that it seeks information relating to Plaintiff's bad faith claims, which have been stayed. Subject to and

3

without waiving its general and specific objections, Northwestern Mutual states that documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010657 - NM00010662.

Respectfully submitted,

Cornelius E. Coryell, II
ccoryell@wyattfirm.com
Sean G. Williamson
swilliamson@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
502.562.7376

*Counsel for Defendant The Northwestern Mutual Life Insurance Company*

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served upon the following, by email, on this the 25th day of June, 2025:

Michael D. Grabhorn
m.grabhorn@grabhornlaw.com
Andrew M. Grabhorn
a.grabhorn@grabhornlaw.com
GRABHORN LAW/INSURED RIGHTS
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky 40223

*Counsel for Plaintiff Julie C. King*

*Counsel for Defendant The Northwestern Mutual Life Insurance Company*

102012145.1

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JULIA C. KING                          )
                                       )
          PLAINTIFF                    )
                                       )
v.                                     )  CIVIL ACTION NO. 3:24-CV-737-RGJ-RSE
                                       )
NORTHWESTERN MUTUAL LIFE               )
INSURANCE COMPANY                      )
                                       )
          DEFENDANT                    )

**DEFENDANT'S THIRD SUPPLEMENTAL RESPONSES TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, The Northwestern Mutual Life Insurance Company ("Northwestern Mutual"),

by counsel, hereby tenders the following third supplemental responses to requests for production

of documents propounded by the Plaintiff Julia C. King ("King").

**GENERAL OBJECTIONS**

1.    Northwestern Mutual objects to the instructions and definitions portion of

Plaintiff's requests for production of documents to the extent that they purport to impose any

obligation on Northwestern Mutual greater than the obligations imposed by the Federal Rules of

Civil Procedure.

2.    Northwestern Mutual objects to the requests for production of documents to the

extent that they seek information or documents that are protected from disclosure by the

attorney/client privilege and/or work-product doctrine, including but not limited to documents

known to or in the possession of Northwestern Mutual's attorneys, but not Northwestern Mutual,

as such information and documents are protected from disclosure by the work-product doctrine.

EXHIBIT B - 32

3.      Northwestern Mutual objects to Plaintiff's definition of the term "you" as being overly broad and not reasonably calculated to lead to the discovery of admissible evidence in that it purports to include entities or persons other than Northwestern Mutual, the issuer of the policies at issue in this case and the administrator of the claim. In answering these discovery requests, Northwestern Mutual answers for itself and not for other persons or entities.

4.      Northwestern Mutual objects to Plaintiff's definition of the term "you" to the extent that it seeks to discover communications involving Northwestern Mutual's attorneys on the grounds that such communications are protected from disclosure by the attorney/client privilege and/or work-product doctrine.

5.      Northwestern Mutual objects to Plaintiff's instruction concerning claims of privilege as Northwestern Mutual acknowledges no duty to exercise any claim of privilege in the manner instructed.

6.      Northwestern Mutual objects to Plaintiff's definition of the term "Policy" as requesting information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in that the Policy issued to "Leslie Johnson," referenced therein is not at issue in this action.   In answering these discovery requests, Northwestern Mutual is providing information regarding the Policy identified in the Complaint, Policy No. D2843718 issued to Julia C. King.

7.      Northwestern Mutual objects to Plaintiff's definition of "ESI" and the related instructions to the extent that they purport to impose any obligation on Northwestern Mutual greater than the obligations imposed by the Federal Rules of Civil Procedure and the Scheduling Order entered by the Court on February 27, 2025 [DE 14]. Northwestern Mutual states that all

2

material responsive to Plaintiff's request for production has been produced in "searchable PDF format" as required by that order.

8.      Northwestern Mutual objects to Plaintiff's definitions and instructions regarding Relevant Time Period as arbitrary and as seeking material that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

## THIRD SUPPLEMENTAL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION #11**     Each Document and ESI relating to, referring to, or discussing Defendant's agreement with, contract with, or subscription to, Milliman, including Irix® Rules Engine, Irix® Prescription Data, Irix® Medical Data, Irix® Recheck, Irix® Risk Score | Mortality, and Irix® Risk Score | Morbidity.

**SUPPLEMENTAL RESPONSE:**     Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM0010605 – NM00010655.

**REQUEST FOR PRODUCTION #15**     Each Document and ESI relating to, referring to, or discussing guidelines, manuals, and procedures for the review, use, interpretation, and translation of codes, of a MIB report.

**SUPPLEMENTAL RESPONSE:**     Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to

impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested. Northwestern Mutual further objects on the grounds that the material requested herein is the confidential and proprietary property of a third-party and that Northwestern Mutual is contractually prohibited from producing the material. Specifically, the contract between Northwestern Mutual and MIB states:

## Welcome to the MIB Coding Manual!

In addition to the coding manual, we have other publications listed under the "Publications" tab such as our July 2024 Member Newsletter, Summary of 2024 Code Changes, MIB Primer, Quick Reference Guide, and the Listing of our member companies (alpha list and by company symbol).

*CONFIDENTIAL & PROPRIETARY—FOR MEMBERS' INTERNAL USE ONLY*

**MIB's Confidential, Proprietary Information and Trade Secret Notice**

This document contains MIB's Confidential and Proprietary Information, including MIB's longstanding trade secrets that are owned exclusively by MIB Group, Inc. and MIB, Inc. (together "MIB") (collectively "Confidential Information"). Access to and use of this document is strictly limited to authorized personnel of MII member companies that are in good standing with MIB. This document is for members' internal use only. Further dissemination or use of this document or any c its contents (including any Confidential Information) in any form and for any other purpose without MIB's express written approval is prohibited.

© Copyright MIB Group Holdings, Inc. and MIB, LLC. All Rights Reserved.

MIB has distributed updated versions of MIB's Coding Manual every two years starting in 2008.

DSM is a trademark belonging to the American Psychiatric Association that refers to its copyrighted work: Diagnostic and Statistical Manual of Mental Disorders (DSM).

**NOTICE TO UNAUTHORIZED USERS**

If you are in possession of the MIB Coding Manual in either electronic or hardcopy form and you are not a person or organization authorized by MIB to hold, possess and use MIB for those purposes allowed under the MIB General Rules and the federal Fair Credit Reporting Act, then you are hereby instructed to cease and desist any unauthorized use of any type or description, and to surrender access to the MIB Coding Manual or delete any and all copies, versions, translations, and excerpts from it). MIB reserves the right to pursue all civil and criminal liabilities and penalties, and all other remedies allowed by and under copyright, trade secret, intellectual property infringement and common laws for such unauthorized use.

Therefore, the material will not be produced.

**REQUEST FOR PRODUCTION #26:** Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the administration of disability insurance contestability reviews, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

**SUPPLEMENTAL RESPONSE:** Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of

4

the material requested.    Northwestern Mutual further objects to this request on the grounds that

it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.  Subject to

and without waiving its general and specific objections, Northwestern Mutual states that the

relevant documents within the scope of this request have been produced and Bates stamped

NM00010576 – NM00010603.

**REQUEST FOR PRODUCTION #27**    Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the underwriting of disability insurance applications, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the

grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the

matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible

evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to

impose a burden on Northwestern Mutual which is not proportional to the relevance or value of

the material requested.  Northwestern Mutual further objects to this request on the grounds that it

seeks material relating only to Plaintiff's bad faith claims, which have been stayed.  Subject to and

without waiving its general and specific objections, Northwestern Mutual states that relevant

documents within the scope of this request have been produced and Bates stamped NM00000459

– NM00000462 and NM00000479 – NM00000549.

**REQUEST FOR PRODUCTION #28**    Each Document and ESI detailing or discussing Defendant's practices, policies, procedures, and training that Defendant provides to, and expects from, its employees, contractors, representatives, and agents to follow in the post-issue administration and underwriting review of inforce disability insurance policies, and the bases, reasons and rationale underlying such policies and any changes made thereto during the Relevant Time Period.

5

EXHIBIT B - 36

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request on the grounds that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.  Northwestern Mutual further objects to this request on the grounds that it seeks material relating only to Plaintiff's bad faith claims, which have been stayed.  Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced and Bates stamped NM00000459 – NM00000462 and NM00000479 – NM00000549.

**REQUEST FOR PRODUCTION #30**    Each Document and ESI detailing or discussing the training Defendant provided to Ralph Barringer relating to the solicitation, sale, application, and delivery process for the Policy.

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.  Northwestern Mutual further objects to this request to the extent that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.    Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010657 – NM00010662.

**REQUEST FOR PRODUCTION #31**    Each Document and ESI detailing or discussing the training Defendant provided to Tamara Kraus relating to the solicitation, sale, application, and delivery process for the Policy.

6

**SUPPLEMENTAL RESPONSE:**    Northwestern Mutual objects to this request on the grounds that it is unduly vague, overly broad, and seeks material that is neither relevant to the matters at issue in this litigation nor reasonably calculated to lead to the discovery of admissible evidence. Northwestern Mutual further objects to this request to the extent that it seeks to impose a burden on Northwestern Mutual which is not proportional to the relevance or value of the material requested.    Subject to and without waiving its general and specific objections, Northwestern Mutual states that relevant documents within the scope of this request have been produced to the Plaintiff and Bates stamped NM00010657 – NM00010662.

Respectfully submitted,

Cornelius E. Coryell, II
ccoryell@wyattfirm.com
Sean G. Williamson
swilliamson@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
400 West Market Street, Suite 2000
Louisville, Kentucky 40202
502.562.7376

*Counsel for Defendant The Northwestern*
*Mutual Life Insurance Company*

7